UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OTIS D. BLAXTON,

                  Petitioner,

-vs-                                           Case No.  8:08-cv-1167-T-33TBM

SECRETARY, DEPT. OF CORRECTIONS,

                  Respondent.

_____/

## ORDER

This cause is before the Court on Petitioner Blaxton's 28 U.S.C. § 2254 petition challenging his probation-revocation judgments in case nos. 98-5646 and 99-22563, and his trial-based judgment in case no. 04-2760, arising out of the Thirteenth Judicial Circuit, Hillsborough County, Florida.  A review of the record demonstrates that, for the following reasons, the petition must be **denied.**

### Expired State Court Judgments in Case Nos. 98-5646 and 99-22563

Blaxton challenges his expired state court judgments in case nos. 98-5646 and 99-22563.  Blaxton had fully served his sentences in these cases before he filed the instant petition. Blaxton acknowledges that his probation-revocation sentences had expired when he filed the petition. (Doc. No. 7 at 1).

The sentences had expired because, on March 12, 2004, the state district court of appeal, in a written decision, concluded that Blaxton, under state law, could not be sentenced to more than 364 days in the county jail upon revocation of his probation. *Blaxton v. State*, 868 So. 2d 620 (Fla. 2d DCA 2004). In its March 12, 2004 order, the state district court of appeal reversed and remanded for the state trial court to strike Blaxton's continued probationary terms in all of his cases:

Otis Blaxton appeals sentences he received after violating his probation in circuit court case numbers 98-5646 and 99-22563. In both cases, Mr. Blaxton was initially sentenced as a youthful offender to concurrent terms of 44.25 months' incarceration with a recommendation for the "basic training" or "boot camp" program. When Mr. Blaxton successfully completed boot camp, his sentences were modified to concurrent terms of 44 months' probation. When Mr. Blaxton violated his probation, the circuit court sentenced him to 44 months of continued probation, with a special condition that Mr. Blaxton serve 364 days' imprisonment. Because this sentence is not permitted under sections 958.045(5)(c) and 958.04(2)(b), Florida Statutes (1997), we reverse.

Section 958.045 outlines the parameters for the youthful offender boot camp program. Subsection (5)(c) provides in part:

Upon the offender's completion of the basic training program, the department shall submit a report to the court that describes the offender's performance. If the offender's performance has been satisfactory, the court shall issue an order modifying the sentence imposed and placing the offender on probation. The term of probation may include placement in a community residential program. If the offender violates the conditions of probation, the court may revoke probation and impose any sentence that it might have originally imposed as a condition of probation.

Section 958.04(2)(b), Florida Statutes (1997), provides:

The court may impose a period of incarceration as a condition of probation or community control, which period of incarceration shall be served in either a county facility, a department probation and restitution center, or a community residential facility which is owned and operated by any public or private entity providing such services.... Placement in such a facility or center shall not exceed 364 days.

Based upon these two provisions, this court concluded in *Bloodworth v. State*, 769 So.2d 1117 (Fla. 2d DCA 2000), that a youthful offender who had successfully completed boot camp, had his sentence modified to a term of probation, and then violated probation could not receive a sentence of more than 364 days' incarceration because that is the maximum sentence the court "might have originally imposed as a condition of probation." *See also Lawson v. State*, 845 So.2d 986 (Fla. 1st DCA 2003); *Thomas v. State,* 825 So.2d 1032 (Fla. 1st DCA 2002); *Burkett v. State*, 816 So.2d 767 (Fla. 1st DCA 2002).

Similarly in this case, when resentencing Mr. Blaxton upon the violation of his probation, the circuit court could not reimpose probationary terms beyond the 364-day period of incarceration. As interpreted in *Bloodworth*, pursuant to section 958.045(5)(c), the court may "impose any sentence that it might have originally imposed as a condition of probation." 769 So.2d at 1118. A court cannot impose probation as a condition of probation. Therefore the extended period of probation in Mr. Blaxton's sentences must be stricken.

The language of section 958.045(5)(c) may warrant further review by the legislature. We doubt that the legislature actually intended the result this language has created. We are inclined to believe that the legislature intended to permit the court to impose any sentence "that it might have originally imposed." Indeed, a judge may be hesitant to recommend boot camp in an effort to rehabilitate a youth if the judge realizes that the youth's sentence upon a future violation of probation will be limited to such a short term of incarceration. Nevertheless, the legislature has not amended the statutes since our opinion in *Bloodworth,* 769 So.2d 1117, and we are constrained by the plain language of the statutes. Accordingly, we reverse the sentences imposed in case numbers 98-5646 and 99-22563 and remand with directions to strike the continued probationary terms.

*Blaxton v. State,* 868 So. 2d 620.

Blaxton did not seek rehearing and he did not pursue certiorari review in the United States Supreme Court. Subsequently, on May 18, 2004, the state trial court *ministerially* corrected Blaxton's judgment(s). (See Resp. Exs. 7 and 8 [Amended Sentences]).

Blaxton is not in custody on the revocation judgments and has no remaining obligation on those sentences. Because the sentences have expired, this Court lacks subject matter jurisdiction with respect to his state court judgments in case nos. 98-5646 and 99-22563.

Furthermore, because the sentences in case nos. 98-5646 and 99-22563 have expired, Blaxton cannot complain that these earlier expired sentences were used to enhance his unexpired sentence in case no. 04-2760. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989)(holding petitioner is not "in custody" under a conviction after the sentence has expired just because the prior conviction is used to enhance a subsequent sentence).

Blaxton's expired convictions, which are no longer open to direct or collateral attack in their own right, are conclusively valid. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001)(Once a state conviction is no longer open to direct or collateral attack in its own right because the petitioner failed to pursue those remedies while they were available [or because he did so unsuccessfully], the conviction may be regarded as conclusively valid.). Therefore, if that conviction(s) is later used to enhance a criminal sentence, a habeas petitioner generally may not challenge the enhanced sentence through a petition under 28 U.S.C. § 2254 claiming that the expired conviction(s) was unconstitutionally obtained. *Id.*[1]

### Case No. 04-2760

On February 11, 2004, prior to the March 12, 2004, decision of the state district court of appeal set out above, Blaxton was arrested at the Orient Road Jail, Hillsborough County, Florida. On March 3, 2004, a five-count Information was filed charging Blaxton with escape from confinement, possession of cocaine, possession of cannabis, introduction of contraband into

---

[1] The Supreme Court recognized an exception to the general rule set forth in *Lackawanna County* for cases in which the prior conviction (used to enhance the defendant's sentence) was obtained without the benefit of counsel, in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Lackawanna County*, 532 U.S. at 404. This exception is not implicated in Blaxton's case because he was represented by counsel in his probation violation proceedings.

a detention facility, and grand theft (third degree). After jury trial, Blaxton was found guilty as charged. The state trial court sentenced him to an aggregate prison sentence of 30 years.

Blaxton appealed his judgment in case no. 04-2760, and on February 15, 2006, the state district court of appeal affirmed without written decision in case no. 2D04-5536. *Blaxton v. State*, 2005 Fla. App. LEXIS 18358 (Fla. 2d DCA Nov. 16, 2005)[no table found]. Blaxton did not seek rehearing and did not pursue certiorari review in the Supreme Court.

### State Collateral Attacks

Blaxton filed pro se motions for postconviction relief under Florida Rule of Criminal Procedure 3.850 dated March 5, 2006, and March 23, 2006, in case nos. 98-5646, 99-22563, 01-14256,[2] and 04-2760. On February 13, 2007, the state trial court summarily denied four claims and dismissed several claims without prejudice to Blaxton's amending his Rule 3.850 motions.

Subsequently, Blaxton filed amended Rule 3.850 motions. The amended Rule 3.850 motion in case no. 04-2760 was dated February 15, 2007. The state trial court, by final order rendered April 3, 2007, denied the Rule 3.850 motions without an evidentiary hearing. Blaxton lodged three notices of appeal, one in case no. 98-5646, one in case no. 99-22563, and the third in case no. 04-2760.

On January 30, 2008, the state district court of appeal per curiam affirmed the state trial court's summary order denying postconviction relief in case no. 2D07-1618. *Blaxton v. State*,

---

[2] In case no. 01-14256, Blaxon was charged with grand theft, obstructing or opposing an officer, and driving without a valid license. The state trial court revoked his probation and sentenced him to 72 months in prison. Blaxton also pled guilty as charged in case no. 01-14256 and was sentenced to five years on the grand theft charge and to time served on the remaining counts. Blaxton does not attack his judgment in case no. 01-14256 in the present federal petition for writ of habeas corpus.

973 So. 2d 448 (Fla. 2d DCA 2008)[table]. Following denial of rehearing, the mandate issued on March 24, 2008.

Blaxton improperly sought review of the silent affirmance in the Florida Supreme Court and the Florida Supreme Court dismissed Blaxton's petition for review on April 22, 2008. *Blaxton v. State*, 982 So. 2d 685 (Fla. 2008). On August 22, 2007, Blaxton filed a pro se Rule 3.800(a) motion for correction of sentence in case no. 04-2760 only. By order rendered October 23, 2007, the state trial court denied the Rule 3.800(a) motion without a hearing. Blaxton appealed, and on October 17, 2008, the state district court of appeal silently affirmed the denial of relief in case no. 2D07-5594. *Blaxton v. State*, 2008 Fla. App. LEXIS 16197 (Fla. 2d DCA Oct. 17, 2008)[no table found]. The mandate issued December 4, 2008.

By then, Blaxton had filed a pro se pleading in the state district court of appeal entitled "petitions to the court" dated September 12, 2007, related to his state trial court case no. 04-2760. On November 21, 2007, Blaxton's "petitions to the court" application was denied without elaboration in case no. 2D07-4436. Rehearing was denied January 15, 2008. *Blaxton v. State*, 973 So. 2d 448 (Fla. 2d DCA 2008).

Blaxton filed a pro se state petition dated April 3, 2008, in which he alleged, among other things, that his appellate counsel in case no. 2D04-5536 (pertaining to his judgment in case no. 04-2760) rendered ineffective assistance. On May 13, 2008, the petition was denied without elaboration in case no. 2D08-1688. *Blaxton v. State*, 981 So. 2d 1203 (Fla. 2d DCA 2008).

By then, Blaxton had filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court in case no. 8:08- cv-33-T-24MSS. On May 14, 2008, this Court dismissed the petition without prejudice for failure to exhaust state court remedies. Blaxton then filed another state pro se Rule 3.800(a) motion dated August 3, 2008, in case no. 04-2760.

Following denial of the motion, he appealed, and on November 14, 2008, the state district court of appeal per curiam affirmed without written decision in case no. 2D08-4134. *Blaxton v. State*, 2008 Fla. App. LEXIS 17499 (Fla. 2d DCA Nov. 14, 2008). The mandate issued December 8, 2008.

Blaxton delivered his federal petition in this case to prison authorities for mailing on May 28, 2008. He is proceeding on his Court-ordered amended petition. (Doc. No. 7). The petition is timely as to his conviction in case no. 04-2740

## Standards of Review

### The AEDPA Standard

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas

petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also, Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003)("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Duncan v. Henry*, 513 U.S. 364 (1995)("Exhaustion of state remedies requires that the state prisoner fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights"). "The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

Under the procedural default doctrine, "if the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d at 1138. "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Henderson v. Campbell*, 353 F.3d at 891 (quoting *Judd v. Haley*, 250 F.3d at 1313).

Pre-AEDPA decisions from the Supreme Court establish the framework governing procedural default in federal habeas cases. A procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court.

*Henderson v. Campbell*, 353 F.3d at 892; *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995).

To show "'prejudice," the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). The petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson v. Campbell*, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama,* 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (explaining a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, " 'to be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon*, 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining "given the rarity of such evidence, in virtually

every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted). The *Schlup* Court stated the petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. *Schlup,* 513 U.S. at 324. This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F. 3d 106, 108 (5th Cir. 1995)(denying certificate of probable cause)(footnote omitted).

The Court will not presume a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief which is essentially a summary dismissal. Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. *See Coleman v. Thompson*, 501 U.S. 722, 735-36 (1991); *Kight v. Singletary*, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); *Tower v. Phillips*, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

**DISCUSSION**

Ground One

-10-

Ground one is vague and confusing and fails to state a basis for relief. Blaxton refers to the Sixth Amendment right to effective counsel, as well as the state's rules of judicial administration but does not identify any specific violation of either.

Vague and conclusory claims failing to state facts that would show an entitlement to relief can be dismissed without further effort on the part of the Court. *Blackledge v. Allison*, 431 U.S. 63 (1977). If, and to the extent Blaxton is suggesting he would not have been convicted of escape in case no. 04-2760 had his counsel in his earlier probation violation proceedings in case nos. 98-5646 and 99-22593 filed a motion to dismiss, such a construction of ground one will not assist Blaxton. He can no longer gain review of counsel's performance in case nos. 98-5646 and 99-22593, as his judgments in those cases have expired.

Moreover, Blaxton does not suggest he has presented ground one to the Florida courts in a procedurally correct manner. Blaxton is barred from challenging his trial counsel's effectiveness in case nos. 98-5646 and 99-22563 because any such claim is now foreclosed by Florida's two-year Rule 3.850 limit, *see Whiddon v. Dugger,* 894 F.2d 1266 (11th Cir.)(recognizing and applying two-year bar of rule 3.850), *cert. denied*, 498 U.S. 834 (1990), and the state's successive petition doctrine. *See e.g., Foster v. State*, 614 So. 2d 455, 458 (Fla. 1992); *Zeigler v. State*, 632 So. 2d 48, 51 (Fla. 1993).

Any cause allegation is similarly barred. Not demonstrating cause, Blaxton cannot avoid his default, as the cause and prejudice components are in the conjunctive and both must be established to escape the preclusive effect of his procedural default. *Engle v. Isaac*, 456 U.S. 107 (1982). Moreover, Blaxton does not allege and show that a fundamental miscarriage of justice will occur if this Court does not reach the merits of ground one. Blaxton has no new and

reliable evidence of actual innocence. *See Schlup*, 513 U.S. at 324 (" ' To be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial.").

Ground one does not warrant relief.

Ground Two

Ground two is also conclusory. Blaxton vaguely refers to *Blockberger v. United States*, 284 U.S. 299 (1932), but does not assert facts that would implicate the proscription against double jeopardy; therefore, ground two fails to state a basis for relief. Moreover, this Court does not have jurisdiction to entertain an attack on his judgments in case nos. 98-5646 and 99-22563, which have expired. Nor can the Court review any claim that his judgment in case no. 04-2760 was enhanced by these expired judgments.

If, and to the extent Blaxton is claiming the evidence at his jury trial in case no. 04-2760 was insufficient to sustain his conviction for escape from confinement and/or any of his other convictions in that case on the premise he was not in lawful custody, any such claim is procedurally barred because he did not preserve and then raise the federal constitutional dimension of the claim on direct appeal from his judgment in case no. 04-2760.

Blaxton cannot now return to state court and raise this claim in a Rule 3.850 motion for postconviction relief. In Florida, postconviction motions cannot be used as a second appeal for issues that were or could have been raised on direct appeal. *Parker v. State*, 611 So. 2d 1224 (Fla. 1992). This Circuit has long recognized this aspect of Florida law. *See Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983)(claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), *cert. denied*, 464 U.S. 922 (1983); *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir.1990)(under Florida law, an issue which could have been raised on direct appeal may not

be reviewed in a rule 3.850 motion), *cert. denied*, 498 U.S. 832 (1990). Thus, Blaxton's failure to present the federal constitutional dimension of his ground at trial and on direct appeal renders the claim procedurally defaulted. *See Robinson v. State*, 913 So.2d 514, 524 n.9 (Fla. 2005) (finding claim of trial court error procedurally barred because it should have been raised on direct appeal).

Blaxton's Failure To Exhaust Ground Two

Before seeking federal habeas relief, a state prisoner must satisfy the exhaustion requirement of 28 U.S.C. § 2254(b)(1) by "fairly present[ing]" his claim in each appropriate state court to alert that court to the claim's federal nature. *See Baldwin v. Reese*, 541 U.S. 27, 30 (2004). By not timely raising the constitutional dimension of his ground at trial in order to preserve the claim for review and also not fairly presenting a federal claim on direct appeal, Blaxton deprived the Florida courts of full opportunity to resolve any constitutional issue regarding his custody on his judgment in case no. 04-2760 by invoking one complete round of the State's established appellate review process. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also, Henderson v. Campbell*, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(internal quotation omitted).

Blaxton indicates he raised this claim in his Rule 3.850 motion which was denied by order rendered March 22, 2007. (Doc. No. 7 at 6). In that order, the state trial court denied Blaxton's claim that his 2004 conviction [in case no. 04-2760] stemmed from an illegal incarceration, and the state trial court applied Florida's procedural rules foreclosing Blaxton's raising his claim in a Rule 3.850 motion that could have been raised on direct appeal. The per curiam affirmance, although silent on this issue, is presumed to rest on the same ground as the

last reasoned decision addressing the question, in this case the procedural bar, an adequate and independent state ground. *See Ylst v. Nunnemaker*, 501 U.S. 797 (1991).

In this circuit, a three-part test is used to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. *Judd v. Haley,* 250 F.3d 1308, 1313 (11th Cir. 2001). "First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim." *Id.* Second, the state court's decision must rest entirely on state law grounds and not be "intertwined with an interpretation of federal law." *Id.* Third, the state procedural rule must be adequate. *Id.*

Each criteria is met with regard to the bar applied by the state trial court in Blaxton's case. Florida courts consistently apply the procedural rule barring the collateral review of claims that a petitioner could and should have raised on direct appeal. *Romanes v. Sec'y, Dep't of Corr.*, 621 F. Supp.2d 1249, 1256 (M.D. Fla. 2008)(citing *Bruno v. State*, 807 So.2d 55, 63 (Fla. 2001)(holding claims of trial court error generally can be raised on direct appeal but not in a Rule 3.850 motion). In Blaxton's case, the silent affirmance of the postconviction denial rests on the independent and adequate bar. *See Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (state appellate court's per curiam affirmance of the lower court's ruling explicitly based on procedural default is a clear and express statement of its reliance on an independent and adequate state law ground barring federal review).

The state postconviction court alternatively found that even if Blaxton was claiming his escape sentence was illegal because his sentences resulting in his confinement were illegal,

he could still be sentenced for the escape as a matter of state law.[3]  Whether the ensuing silent affirmance of the postconviction court's ruling is viewed as resting on state substantive or procedural grounds, federal review of this ground is foreclosed because the state substantive or procedural ground is independent and adequate.

It is a maxim well-rooted in our federalist system that federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). This rule applies whether the state law ground is substantive or procedural. *See Eagle v. Linahan*, 279 F.3d 926, 936 (11th Cir. 2001)(citing *Coleman,* 501 U.S. at 729).

 Blaxton does not show valid cause to excuse his default. Nor does he show actual prejudice or that a fundamental miscarriage of justice will result if this Court does not reach the merits of ground two.  Ground two does not warrant relief.


Ground Three

Blaxton cites the Fourth Amendment and refers, in a vague fashion, to an unreliable informant, an illegal detention, and an illegal sentence. (Doc No. 7 at 14). Blaxton does not provide any specifics. His conclusory allegations are insufficient to sustain relief. See Rule 2,

---

[3]  Even if the Florida courts address the merits of claims in the alternative, the state procedural rule stands. "Where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim." *See Alderman v. Zant*, 22 F.3d 1541, 1550 n. 10 (11th Cir. 1994)(collecting cases), *cert. denied*, 115 S.Ct. 673 (1994); *see also, Bennett v. Fortner*, 863 F.2d 804, 807 (11th Cir.), *cert. denied*, 490 U.S. 1071 (1989).

Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring petitioner to state the facts in support of each claim).

Blaxton refers to each of his state criminal cases. To the extent he is challenging his judgments in case nos. 98-5646 and 99-22563, this Court does not have jurisdiction to review his expired convictions. In addition, *Stone v. Powell*, 428 U.S. 465 (1976), bars federal habeas corpus review of any substantive Fourth Amendment claim because Florida provided Blaxton a full and fair opportunity to litigate the claim in each of his state cases. Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial." *Stone*, 428 U.S. at 494. *See Mincey v. Head*, 206 F.3d 1106, 1125 (11th Cir. 2000)(Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial) (citing *Stone*, 428 U.S. at 494-95).

To review Blaxton's claim, this Court would have to conclude that he did not have a full and fair opportunity to litigate his Fourth Amendment claim in a state court proceeding. Blaxton does not allege and show that this happened. For a claim to be fully and fairly considered by the state courts, where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court. *Peoples v. Campbell*, 377 F.3d 1208, 1224 (11th Cir. 2004).

Blaxton had a full and fair opportunity to litigate any substantive Fourth Amendment claim in the state trial court in each of his cases, as well as appellate review of the ruling thereon. Accordingly, *Stone* bars federal habeas review of ground three. *See Bradley v. Nagle*,

212 F.3d 559 (11th Cir. 2000) (federal courts are precluded from conducting post-conviction review of Fourth Amendment claims where state courts have provided "an opportunity for full and fair litigation" of those claims)(citing *Stone,* 428 U.S. at 465).

Furthermore, ground three is procedurally barred because Blaxton did not preserve and then raise the federal constitutional dimension of this ground on direct appeal. He cannot now raise his claim in a Rule 3.850 motion because he could have, if at all, preserved and raised a federal claim regarding the underlying facts of his respective cases on direct appeal.

Blaxton alludes to the order denying postconviction relief rendered March 22, 2007. (Doc No. 7 at 7). In denying Blaxton's Rule 3.850 claim that the trial court abused its discretion by admitting evidence resulting in his conviction [in case no. 04-2760], the state trial court held that claims of trial court error should be raised on direct appeal and not in a motion for postconviction relief. The silent affirmance of the denial rests on independent and adequate state grounds barring federal review of Blaxton's claim.

Blaxton does not allege and show valid cause or prejudice to excuse his default nor does he allege and meet the fundamental miscarriage of justice exception.

Ground three does not warrant habeas relief.

## Ground Four

In ground four, Blaxton asserts:

Court failed to correct clerical errors in 98-CV-8646 and 99-F-22564. Attempt is not a crime. *Moore v. State*, 904 So. 2d 840. 98-CF-5646 is a juvenile case. F.S. [indecipherable text]. A charge of accessory to attempt [sic] armed robbery was fundamental error on conviction. Robbery with a weapon cannot be both juvenile and adult sanction. Wherefore a sentence to the Department of Juvenile Justice had already been rendered. This fact finding entrapped also case number 04-CV-2760. (As stated by Petitioner).

(Doc. No. 7 at 9).

Because Blaxton's convictions in the earlier cases had expired when he filed the present federal petition, this Court does not have jurisdiction to address his allegations regarding those cases. Blaxton is also precluded from claiming that the expired convictions were later used to enhance his unexpired sentence because the prior conviction were unconstitutionally obtained.

Moreover, ground four is procedurally barred because Blaxton did not preserve and then raise the constitutional dimension of his ground on direct appeal. He is now barred from raising his claim in a Rule 3.850 motion because he could have, if at all, preserved and raised a federal claim regarding the state's proof undergirding his convictions in his direct appeal.

Blaxton again points to his postconviction motion, which was denied by the order rendered March 22, 2007. The state trial court determined Blaxton was assailing the state's evidence in his trial case and applied Florida's rules foreclosing use of a Rule 3.850 motion to raise direct appeal issues. The silent affirmance rests on the independent and adequate bar. Blaxton does not make the required showing to excuse his procedural default.

Ground four does not warrant habeas relief.

Ground Five

Blaxton vaguely claims the state trial court judge should have recused himself based on entrapment. In his supporting facts, he refers to entrapment and an illegal detention:

> Judge case #04-CF-2760 should have recused himself due to entrapment F.S. 777.201. Self incrimination confession should not exist. Entrapment is a preponderance of the evidence. The illegal detention is the sold [sic] beginning of all evidence. Wherefore, Judge Tharpe should have recused himself. [Indecipherable text] but the division continued the prosecution. No testimony by me at the trial; only a statement written at the scene of the incident. Thereafter, a repeated denial that I was the owner of the controlled substances and that I intended to steal Mr. Weeks' property. A protest for freedom only.

(Doc. No. 7 at 8).

-18-

Blaxton does not explain how his denial of being the owner of the controlled substances and his denial of an intent to steal the victim's property support a claim that the judge should have recused himself. This claim is conclusory and fails to allege a basis for relief.

Moreover, ground five is procedurally barred because Blaxton did not present the federal constitutional dimension of his claim regarding the state trial court judge or his claim relative to the potential defense of entrapment prior to and/or at trial and then on direct appeal. The state trial court applied Florida's rules in denying Blaxton's Rule 3.850 claim that he should have been acquitted based on the defense of entrapment. In addition, the state trial court applied the state procedural bar to Blaxton's claim that the state trial court judge should have recused himself. The silent affirmance of the denial rests on independent and adequate state grounds barring federal review of Blaxton's claim.

Any challenge to the admissibility of the state's evidence in case no. 04-2760 is similarly barred because Blaxton did not raise the federal constitutional dimension of any such claim at trial and then on direct appeal. In denying Blaxton's Rule 3.850 claim that the state trial court abused its discretion in admitting evidence, the state trial court held that claims of trial court error should be raised on appeal, and not in a postconviction motion. The affirmance of this ruling rests on the independent and adequate bar applied by the state trial court.

### Blaxton's Construed Claim that Denial of Judgment of Acquittal Was Error

Blaxton alludes to his direct appeal and the denial of a motion for judgment of acquittal. To the extent he relies on his state law arguments made to the Florida courts, the determination of whether, under Florida law, the State's proof sufficed to withstand a motion for judgment of acquittal in a prosecution such as Blaxton's is a matter of state law for which federal habeas

corpus relief does not lie. Title 28 U.S.C. § 2254 explicitly requires a federal court to entertain an application for writ of habeas corpus only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Wainwright v. Goode*, 464 U.S. 78 (1983)(citing *Engle v. Isaac*, 457 U.S. 1141 (1982); *Smith v. Phillips*, 455 U.S. 209 (1982). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). Even when a petition that actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976).

Moreover, Blaxton did not preserve and then raise the federal constitutional dimension of his claim on direct appeal. In moving for a judgment of acquittal, Blaxton did not apprise the state trial court of a federal claim regarding the state's proof. In order to preserve an issue for appellate review, specific legal argument or grounds upon which it is based must be presented to the trial court. *Occhicone v. State*, 570 So. 2d 902, 906 (Fla. 1990), *cert. denied,* 500 U.S. 938 (1991). No federal claim was specifically advanced by Blaxton concerning the state's evidence at his jury trial. Accordingly, any federal claim relative to the evidence was waived and therefore not preserved for review.

Moreover, Blaxton did not fairly present the federal constitutional dimension of his claim on direct appeal. On direct appeal, Blaxton challenged the denial of his acquittal motion regarding matters such as the jewelry belonging to Mr. Weeks, the value of the clothing, the evidence of Blaxton's introduction of contraband into the jail, and the state's proof as to the charge of escape from confinement. His trial and direct appeal arguments regarding the state's

proof were argued in state law terms only. These arguments do not suffice to preserve a federal question. See *Duncan v. Henry*, 513 U.S. 364, 365(1995)("Exhaustion of state remedies requires that the state prisoner fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.").

Blaxton's arguments at trial and on appeal were not in such terms as to refer only to federal law rather than a similar state law claim. Neither at the time of the judgment of acquittal motion nor in challenging the ruling on direct appeal did he refer to the United States Constitution. He did not cite any federal case or state case that relied on federal grounds in support of the issue in his appellate brief.

Blaxton did not argue that denial of a motion for acquittal would run afoul of the Due Process Clause, which requires that a criminal conviction be based upon proof beyond a reasonable doubt as to every fact necessary to constitute the offense charged. *See In re Winship*, 397 U.S. 358, 363-64 (1970). He did not cite to the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), or employ the *Jackson* standard terminology in his arguments at trial and on direct appeal.

Notably, Florida's standards for reviewing the denial of a motion for judgment of acquittal are not identical to the *Jackson* standard, and *Jackson* does not require that Blaxton's state law arguments be construed as raising a federal claim. Not presenting at trial and on appeal a due process claim or contention which would require a constitutional analysis, Blaxton failed to meet the "fair presentation" requirement.

Under Florida law, the state trial court should not grant a Fla.R.Crim.P. 3.380 motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take

of it favorable to the opposite party can be sustained under the law. *See Lynch v. State*, 293 So.2d 44, 45 (Fla. 1974). The standard of review is whether the trial court abused its discretion in denying a motion for judgment of acquittal. *Cox v. State*, 764 So. 2d 711 (Fla. 1st DCA 2000).

Additionally, in Florida, when the evidence is wholly circumstantial, the state must present evidence inconsistent with any reasonable hypothesis of innocence. *Darling v. State,* 808 So. 2d 145, 155 (Fla. 2002); *see also, Blackwood v. State*, 777 So. 2d 399, 406 (Fla. 2000)(where state seeks to establish premeditation by circumstantial evidence, evidence relied upon must be inconsistent with every other reasonable inference). If the state's evidence creates an inconsistency with the defendant's theory of innocence, the trial court should deny the motion for judgment of acquittal and allow the jury to resolve the inconsistency. *Woods v. State*, 733 So. 2d 980, 985 (Fla. 1999).

This facet of Florida law is not a component of the constitutional analysis governing a challenge to the sufficiency of the evidence. With regard to a due process analysis, although each element of the offense must be established beyond a reasonable doubt, *Bishop v. Kelso*, 914 F.2d 1468, 1470 (11th Cir. 1990) (citing *Jackson*, 443 U.S. at 316), the state is not required to rule out every hypothesis except that of the guilt of the defendant, *Johnson v. Alabama,* 256 F.3d 1156, 1172 (11th Cir. 2001)(citing *Jackson*, 443 U.S. at 326).

In addition, in Florida, the State may not rely upon evidence adduced by the defense to establish an essential element of the offense. Accordingly, the state trial court may not deny a renewed motion for acquittal based on testimony of a defense witness. *Hampton v. State*, 662 So. 2d 992 (Fla. 2d DCA 1995). In contrast, a constitutional analysis can encompass the evidence in the defense's case to support an element of the offense. All of the evidence must be reviewed as a whole in the light most favorable to the prosecution. *Jackson*, 443 U.S. at 319.

Although Florida has adopted the *Jackson v. Virginia* test, the Florida courts in a noncapital case do not necessarily undertake *Jackson* review on each every challenge to the state's proof. In a noncapital case such as Blaxton's, the appellate court is not obliged to engage in *Jackson* testing of the state's evidence where the argument is not preserved and a defendant does not raise a claim of fundamental error concerning the sufficiency of the evidence.

In Florida, to preserve error for appellate review, the general rule is a contemporaneous, specific objection must occur during trial at the time of the alleged error. *See F.B. v. State*, 852 So. 2d 226, 229 (Fla. 2003). This gives the state trial judge notice of the alleged error, so that it may be corrected at an early stage. *See F.B.*, 852 So. 2d at 229. The Florida Supreme Court in *F.B.* identified two discrete exceptions to such rule. The first exception is based on the longstanding appellate rule under which, in death penalty cases, the Florida Supreme Court reviews the sufficiency of the evidence. *Id.* This exception does not apply, as Blaxton is not under sentence of death.

The second exception implicates the state's fundamental error doctrine. The *F.B.* Court held that the argument that the evidence is totally insufficient as a matter of law to establish the commission of a crime need not be preserved. Such complete failure of the evidence meets the requirements of fundamental error , an error that reaches to the foundation of the case and is equal to a denial of due process. *Id.*

In his direct appeal, Blaxton did not raise an argument that would require a federal due process analysis. He had preserved his issue only to the limited extent of his state law arguments in support of an acquittal at trial, which did not present the constitutional dimension of his issue. Not advancing the fundamental error doctrine in his direct appeal, Blaxton did not

put the state district court of appeal on notice he was claiming that denial of his motion for judgment of acquittal resulted in a constitutional deprivation.

The Florida Supreme Court in *F.B.* reaffirmed, with the two discrete exceptions laid out, the longstanding rule that claims of insufficiency of the evidence must be specifically preserved for appellate review. *F.B.*, 852 So. 2d at 231. Blaxton did not preserve and raise a constitutional claim on appeal or a contention that would trigger federal due process scrutiny. As a result, he deprived the Florida trial and appellate courts of an opportunity to address the constitutional dimension of his claim. Nothing in this argument would have alerted the state court to the presence of a federal claim about due process. Compare, *McKinzie v. Sec'y*, 265 Fed. Appx. 858 (11th Cir. 2008)(viewing petitioner's claim as one of insufficient evidence and fairly presented to the state courts); *Mulnix v. Secretary for Dept. of Corrections*, 254 Fed. Appx. 763 (11th Cir. 2007)(rejecting position that an unrelated state prisoner's challenge to the sufficiency of the evidence was procedurally barred), with *Cook v. McNeil*, 266 Fed. Appx. 843 (11th Cir. 2008)(finding due process claim was procedurally barred because he did not alert the state court to the alleged federal nature of his claim).

In short, Blaxton did not fairly present a constitutional due process challenge to the state's evidence both at trial and then on direct appeal. Therefore, his claim is procedurally defaulted under Florida law. *See Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir.1983)(claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), *cert. denied*, 464 U.S. 922 (1983).

Blaxton does not allege and meet the cause and prejudice components of *Wainwright v. Sykes*. Nor does he qualify for the fundamental miscarriage of justice exception. He has no new and reliable evidence of actual innocence.

Furthermore, Blaxton cannot surmount the highly deferential AEDPA standards governing review of the silent affirmance in his direct appeal. The United States Supreme Court has held he "critical inquiry" is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 318-19.

The Supreme Court noted it is the duty of the trier of fact "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts," and a reviewing court may not substitute its judgment as to whether it believes the evidence to be sufficient to sustain a conviction. *Id.* In weighing the sufficiency of the evidence, it is not required that the evidence rule out every hypothesis except that of guilt beyond a reasonable doubt. *Martin v. State of Alabama*, 730 F.2d 721, 724 (11th Cir. 1984). The state court decision resulted in a reasonable application of *Jackson* and a reasonable determination of the facts in light of the evidence.

Ground five does not warrant relief.

### Evidentiary Hearing Not Warranted

Finally, Blaxton is now barred by 28 U.S.C. § 2254(e)(2) from seeking an evidentiary hearing in this proceeding on any factual allegation not timely presented the state courts at trial and on direct appeal or, alternatively, in a timely Rule 3.850 motion and then on collateral appeal. Even if, arguendo, § 2254(e)(2) does not preclude a federal evidentiary hearing, Blaxton nonetheless is not entitled to a hearing. In order to obtain an evidentiary hearing, the petitioner must demonstrate he would be entitled to habeas relief on his claim if his factual allegations are proven. *See Breedlove v. Moore*, 279 F.3d 952, 960 (11th Cir. 2002). Blaxton is not entitled to federal relief on any of his grounds. His factual contentions, even if proven,

would not establish the state courts acted contrary to, or unreasonably applied, clearly established federal law as determined by the Supreme Court at the time.

Accordingly, the Court orders:

That Blaxton's petition is denied. The Clerk is directed to terminate all pending motions, to enter judgment against Blaxton, and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 28, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Otis D. Blaxton